# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MIGUEL RODRIGUEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LOS ANGELES POLICE DEPARTMENT, *et al.*,<br><br>　　　　Defendants. | Case No. LA CV 14-5511 JAK (JCG)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Complaint ("FAC"), the Magistrate Judge's Report and Recommendation, Plaintiff's Objections to the Report and Recommendation ("Objections"), and the remaining record, and has made a *de novo* determination.

Plaintiff's Objections generally reiterate the arguments made in the FAC and Plaintiff's Opposition to Defendants' Motion to Dismiss, and lack merit for the reasons set forth in the Report and Recommendation.

There is one issue, however, that warrants brief amplification here. In his Objections, Plaintiff argues that he "continually. . . suffers frequent nightmares and anxiety issues as a result of the [alleged] incident" and so "the tort actually occurs again and again [each] time [that] he suffers a new 're-living' of the experience in his head." (Objections at 3.)

However, for the purposes of statute-of-limitations analysis, the tort occurred –

and Plaintiff's claim accrued – on the date of the alleged assault. *See TwoRivers v. Lewis*, 174 F.3d 987, 991-92 (9th Cir. 1999); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380-381 (9th Cir. 1998) (per curiam).

Additionally, to the extent Petitioner argues that his mental health issues warrant equitable tolling, he fails to support that argument with "concrete evidence" that such challenges might excuse his several years' delay. *Brennan v. United States*, 1994 WL 327621, at *3 (C.D. Cal. Jan. 3, 1994) (denying equitable tolling where plaintiff alleged mental incompetence but "offered no affidavits from members of his family or from his physician stating that he was mentally incompetent [during the relevant time period]"); *see also Jones v. Jacobs*, 2011 WL 5320983, at *2 (N.D. Cal. Nov. 2, 2011) (denying equitable tolling where civil rights plaintiff submitted records of his participation in the California Department of Corrections and Rehabilitation's mental health program but still "failed to show that his mental health problems support[ed] the tolling of the limitations period for six years"); *Lee v. Los Angeles Police Dep't*, 2011 WL 1691940, at *5 (C.D. Cal. Mar. 21, 2011) (denying equitable tolling where civil rights plaintiff's mental health records indicated that he had been diagnosed with a depressive disorder and had been prescribed psychotropic medications but did "not provide any basis for tolling the statute of limitations"), *adopted by* 2011 WL 1671937 (C.D. Cal. May 3, 2011).

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is approved and accepted.
2. Judgment be entered dismissing this action with prejudice.
3. The Clerk serve copies of this Order and the Judgment on the parties.

DATED: May 14, 2015

_____
HON. JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE